UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
IN RE WORLD TRADE CENTER LOWER :
MANHATTAN DISASTER SITE LITIGATION : Docket: 21-mc-102
:
: **ORDER AND OPINION**
: **DENYING PLAINTIFFS'**
: **MOTION TO COMPEL**
: **THE DEPOSITION OF**
: **EXPERT WITNESSES AND**
: **TO SERVE AMENDED**
: **EXPERT DISCLOSURES**
: **PURSUANT TO FRCP**
: **26(a)(2)(C)**
:
------------------------------------------------------------ x
MAREK SOCHA, ET AL., :
:
Plaintiffs, :
:
-against- : Case Number: 09-cv-00680
:
110 CHURCH, LLC, ET AL., :
:
Defendants. :
------------------------------------------------------------ x
JERZY MUSZKATEL, :
:
Plaintiff, :
:
-against- : Case Number: 06-cv-5285
:
VERIZON NEW YORK, INC., ET AL., :
:
Defendants. :
------------------------------------------------------------ x

1

| | | |
|---|---|---|
| TADEUSZ KOWALEWSKI, ET AL., | : | |
| Plaintiffs, | : | |
| -against- | : | Case Number: 06-cv-1521 |
| DEUTSCHE BANK TRUST CORP., ET AL., | : | |
| Defendants. | : | |
| ---------------------------------------------------------- | x | |
| WLADYSLAW KWASNIK, | : | |
| Plaintiff, | : | |
| -against- | : | Case Number: 07-cv-11291 |
| 160 WATER ST., INC., ET AL., | : | |
| Defendants. | : | |
| ---------------------------------------------------------- | x | |
| WALDEMAR ROPEL, ET AL., | : | |
| Plaintiffs, | : | |
| -against- | : | Case Number: 06-cv-1520 |
| THE BANK OF NEW YORK COMPANY, INC., ET AL., | : | |
| Defendants. | : | |
| ---------------------------------------------------------- | x | |

ALVIN K. HELLERSTEIN, U.S.D.J.:

       The claims of 9/11 plaintiffs Marek Socha, Jerzy Muszkatel, Tadeusz Kowalewski, Wladyslaw Kwasnik, and Waldemar Ropel (together, "Plaintiffs") are ready for trial. They will have to prove that the injuries they incurred were caused by their having breathed, or ingested, the dust arising from the collapse of the Twin Towers of the World Trade Center on that date in 2001. Plaintiffs assert that certain physicians associated with the Mt. Sinai

2

World Trade Center Medical Monitoring Program ("Mt. Sinai WTC Health Program"), and one Workers' Compensation treating physician (together, the "Non-Retained Experts"),[1] have unique knowledge of the effects of the World Trade Center dust, but are unwilling to produce data or to serve as expert witnesses on their behalf. Because Plaintiffs have failed to show that the Non-Retained Experts' testimony is unique, I deny their motion. However, I find that the research data accumulated by the Mt. Sinai WTC Health Program is unparalleled in its scope and order it disclosed by Mt. Sinai Health System ("Mt. Sinai") pursuant to the protocol previously established in *In re World Trade Center Disaster Site Litigation*, 21-mc-100.

## I. Background

In June 2014, after the close of fact discovery, Plaintiffs notified Defendants that they intended to call the Non-Retained Experts as expert witnesses.[2] Plaintiffs, however, were unable to serve expert reports for the Non-Retained Experts because Mt. Sinai has refused to permit its physicians to cooperate with the Plaintiffs. Mt. Sinai has done so out of concern for the amount of time the physicians would be required to spend away from their duties treating patients and conducting research. *See* Mt. Sinai Mem. Law Opp'n Pls.' Mot. Compel Deposition Expert Witnesses ("Mt. Sinai Opp'n Br.") at 5. In addition, Mt. Sinai is concerned that expert testimony provided on behalf of the Plaintiffs would compromise the institution's desired neutrality in the World Trade Center litigation. *See id.* at 6. Dr. Friedman has similarly refused to cooperate with Plaintiffs for fear that doing so would result in a conflict of interest with respect to the insurance companies that hired him to conduct examinations pursuant to the New

---

[1] The Non-Retained Experts include Dr. Laura A. Bienenfeld, Dr. Aboaba Afilaka, Jr., Dr. Elizabeth Wilk-Rivard, Dr. Malgorzata Land, and Dr. Carl Friedman.

[2] Several of the Mt. Sinai physicians were previously deposed during fact discovery but the scope of their depositions was limited to the treatment of specific plaintiffs. Counsel for Mt. Sinai objected to, and instructed the witnesses not to answer, questions calling for expert knowledge.

3

York Workers' Compensation Law. *See* Mem. Law Supp. Pls.' Mot. Compel Deposition Expert Witnesses ("Pls.' Br.") at 4.

Because they were unable to secure the Non-Retained Experts' cooperation, Plaintiffs provided abbreviated expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). These abbreviated disclosures consisted of generic summaries of the Non-Retained Experts' anticipated opinions. Specifically, the disclosures anticipate that the Non-Retained Experts would testify that the Plaintiffs "sustained injuries as a result of . . . exposure to toxic matter at the work site(s)." *See* Decl. Richard Leff Supp. Defs.' Mot. Preclude Unretained Expert Testimony Because of Inadequate Disclosures, Exhs. A-E, 21-mc-102, ECF No. 5513 (Oct. 14, 2014). The disclosures did not identify any particular studies upon which Plaintiffs expected the Non-Retained Experts to rely. *See id.*

By Order dated November 5, 2014, I held that Plaintiffs' abbreviated disclosures did not satisfy the requirements of Rule 26(a)(2) and ordered Plaintiffs to provide Defendants with expert reports pursuant to Rule 26(a)(2)(B) prior to any deposition. *See* Order and Op. Granting Defs.' Mot. Preclude Unretained Experts' Testimony Because of Inadequate Disclosures ("Nov. 5th Order") at 10, 21-mc-102, ECF No. 5542 (Nov. 5, 2014). Acknowledging that the Plaintiffs' compliance with the Nov. 5th Order required the Non-Retained Experts' cooperation, I granted Plaintiffs leave to file a motion to compel Mt. Sinai to produce the Non-Retained Experts and the data underlying their opinions. *See id.* at 10.

Plaintiffs now move for an order compelling the Non-Retained Experts to appear for depositions. In their moving papers, Plaintiffs state that they intend that the Non-Retained Experts provide expert testimony at trial that plaintiffs' injuries were proximately caused by their

work in buildings close to the World Trade Center site. Specifically, Plaintiffs anticipate the Non-Retained Experts:

> (i) To testify concerning the plaintiffs' treatment, testing, and medication for their respiratory and digestive illnesses; (ii) To testify concerning the relationships between exposure to the World Trade Center dust, and respiratory and digestive illnesses based upon the physicians' experiences treating plaintiffs and tens of thousands of World Trade Center responders and their knowledge of studies of the World Trade Center population; (iii) To testify concerning their first-hand research studies and peer-reviewed publications concerning World Trade Center-related illnesses; and (iv) To testify concerning the Mount Sinai WTC Health Program.

Pls.' Br. at 8. In addition, Plaintiffs seek to supplement their abbreviated Rule 26(a)(2)(C) disclosures after the depositions in lieu of serving expert reports pursuant to Rule 26(a)(2)(B) prior to depositions.

## II. Discussion

### A. Power of Court to Compel Non-Retained Expert Witnesses

Whether to compel a non-retained expert witness to produce documents or testify at a deposition is within the sound discretion of the District Court. *See* Fed. R. Civ. P. 45(d)(3)(C). A Court may do so upon a showing of a "substantial need for the testimony or material that cannot be otherwise met without undue hardship" and assurance "that the subpoenaed person will be reasonably compensated." *Id.*; *see also Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972) ("The weight of authority holds that, although it is not the usual practice, a court does have the power to subpoena an expert witness and . . . require him [or her] to state whatever opinions he [or she] may have previously formed."). Courts generally consider the following five factors in determining whether to exercise such discretion:

> (1) "[T]he degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony"; (2) "the difference between testifying to a previously formed or expressed opinion and forming a new one"; (3) "the possibility that, for

5

> other reasons, the witness is a unique expert"; (4) "the extent to which the calling party is able to show the unlikelihood that any comparable witness will willingly testify"; and (5) "the degree to which the witness is able to show that he has been oppressed by having continually to testify[.]"

*Kaufman v. Edelstein*, 539 F.2d 811, 822 (2d Cir. 1976). I consider these factors in turn.

It is not disputed that Plaintiffs seek to elicit the expert opinion of the Non-Retained Experts as to the cause of Plaintiffs' alleged injuries. Although some factual testimony may be elicited regarding the studies and data developed through the Mt. Sinai WTC Program, which form the basis of the Non-Retained Experts' opinions, *see* Fed. R. Evid. 703, 705, the primary purpose of the testimony would be to present expert opinion evidence on specific and general causation. *See* Pls.' Br. at 8. Accordingly, the first factor weighs against compelling the deposition and trial testimony of the Non-Retained Experts.

The second factor weighs in favor of compelling the Non-Retained Experts' testimony. Plaintiffs seek to have the Mt. Sinai Physicians testify to opinions previously formed during their research regarding the effects of the World Trade Center dust on recovery workers, including the treatment of several thousands of such workers. *See* Pls.' Br. at 9. Similarly, Plaintiffs seek to have Dr. Friedman testify to his previously formed conclusions "regarding the pulmonary injuries, treatment, disability, and causation" for approximately a thousand 9/11 workers he evaluated, including Plaintiffs Ropel and Socha. *Id.* at 4. Plaintiffs are not asking the Non-Retained Experts to form new opinions but, rather, to relate their previously formed, and in many cases published, opinions regarding causation.

The third and fourth factors weigh against compelling the testimony of the Non-Retained Experts. First, Plaintiffs have retained experts in epidemiology and occupational medicine who will testify that the World Trade Center dust was both capable of causing Plaintiffs' various respiratory disorders (*i.e.*, general causation) and that the World Trade Center

6

dust did cause Plaintiffs' disorders (*i.e.*, specific causation). For example, Dr. Tee Guidotti will testify on Plaintiffs' behalf that he evaluated numerous 9/11 workers as part of a Washington D.C.-based program for screening and treating patients exposed to the World Trade Center dust. *See* Decl. Richard Leff Supp. Defs.' Supplemental Submission, Exh. A at 30:16-33:18. Dr. Guidotti's testimony will encompass opinions on both general and specific causation—the very opinions Plaintiffs seek to elicit from the Non-Retained Experts. Second, it is not in dispute that the methodologies employed by the Mt. Sinai WTC Health Program, and conclusions reached, have been widely available in numerous publications. Indeed, retained experts for both Plaintiffs and Defendants intend to rely on such publications. For these reasons, Plaintiffs have failed to show that the testimony of the Non-Retained Experts, beyond that appropriately given by a treating physician, is unique or that comparable expert witnesses are unwilling to testify.

Turning to the fifth factor, there is no doubt that requiring the Non-Retained Experts to testify and produce documentation imposes a burden on Mt. Sinai and the Non-Retained Experts. The Non-Retained Experts will be taken away from their primary treatment and research responsibilities for a substantial period of time. Significant time will be required to prepare for depositions and trial. Such preparation may entail the review of studies and data of which they may have only limited familiarity. In addition, testimony by the Non-Retained Experts on behalf of the Plaintiffs will compromise Mt. Sinai's and Dr. Friedman's desired neutrality in the 9/11 litigation. It is equally undesirable that the Non-Retained Experts be appointed by the Court because the jury will likely afford the Non-Retained Experts undue deference to the detriment of the parties' retained experts.

Four of the five *Kaufman* factors weigh against compelling the testimony of the Non-Retained Experts. For this reason, I hold that plaintiffs have failed to demonstrate a

"substantial need" for the Non-Retained Experts' testimony that "cannot be otherwise met without undue hardship," Fed. R. Civ. P. 45(d)(3)(C), and I deny their motion.

However, it is undisputed that the scope and detail of the research conducted by the Mt. Sinai WTC Health Program is unparalleled. This litigation can only benefit from a full record and the inclusion of the relevant data underlying the research conducted by the Mt. Sinai WTC Health Program is appropriate. Accordingly, Mt. Sinai is ordered to produce all Mt. Sinai WTC Health Program data pursuant to the protocol established in *In re World Trade Center Disaster Site Litigation*, 21-mc-100, accounting for the redaction of personal identifying information and other sensitive patient material.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion is DENIED. The Clerk shall mark the following motions as terminated: Doc. No. 5549 in 21 MC 102, Doc. No. 294 in 09 Civ. 680, Doc. No. 349 in 06 Civ. 5285, Doc. No. 392 in 06 Civ. 1521, Doc. No. 280 in 07 Civ. 11291, Doc. No. 358 in 06 Civ. 1520.

SO ORDERED.

Dated:  New York, New York
        January 15, 2015

ALVIN K. HELLERSTEIN
United States District Judge